FILED & ENTERED

AUG 26 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Shellie Melissa Halper<br><br>Debtor(s).<br><br>Shellie Melissa Halper<br><br>Plaintiff(s),<br>v.<br><br>Jerome Bennett Friedman, an individual<br><br>Defendant(s). | CHAPTER 7<br><br>Case No.: 1:09-bk-23807-GM<br>Adv No:   1:19-ap-01021-GM<br><br>**MEMORANDUM IN SUPPORT OF ORDER GRANTING ANTI-SLAPP SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>Date:         August 6, 2019<br>Time:        10:00 AM<br>Courtroom: 303 |

The factual background is set out in the Memorandum as to the Motion to Dismiss the Complaint. The Complaint contains seven claims for relief:

First Claim:  Fraudulent Concealment against Friedman and Friedman PC

Second Claim: Fraudulent Misrepresentation against Friedman and Friedman PC

-1-

Third Claim: Constructive Fraud against Friedman and Friedman PC

Fourth Claim: Breach of Fiduciary Duty against Friedman and Friedman PC

Fifth Claim: Aiding and Abetting Breach of Fiduciary Duty against Cohen ad Twin Palms

Sixth Claim: Fraud on the Court Against all Defendants

Seventh Claim: Declaratory Relief

**Motion**

California's anti-SLAPP statute is broadly construed in the public interest of preventing the chilling of the valid exercise of constitutionally protected free-speech and petition activity. Cal. Civ. Proc. Code §425.16. An anti-SLAPP motion should be granted if the court determines that

1. The plaintiff's complaint arises from the defendant's constitutionally protected free-speech and petition activity; and
2. The plaintiff has not demonstrated a probability of prevailing on the claim.

It is well settled in the Ninth Circuit that defendants in federal court may bring an anti-SLAPP motion respecting state law claims. *See, e.g., Graham-Sult v. Clainos*, 756 F.3d 724, 735 (9th Cir. 2016).

*Protected Activity*

All of the claims in the Complaint are based on the Defendants' alleged litigation-related activity, meeting the first prong of the anti-SLAPP standard, as statements, writings, and pleadings in connection with civil litigation are covered by the anti-SLAPP statute (without the need to show public interest). *Rohde v. Wolf*, 154 Cal. App. 4th 28, 35 (Cal. Ct. App. 2007). Furthermore, communicative acts performed by attorneys as part of their representation of a client are also covered as petitioning activity. *Cabral v. Martins*, 177 Cal. App. 4th 471, 480 (Cal. Ct. App;. 2009).

With respect to Twin Palms and Cohen, the claims in the Complaint arise from Twin Palms' and Cohen's litigation against Halper in bankruptcy court, as seen from the

following allegations:

- Sued Halper for fraud, eventually obtaining default judgments ¶15, ¶29, including signature of documents in the adversary proceedings ¶21, ¶23
- Reopened Halper's bankruptcy case ¶19
- Intentional misrepresentations in declarations filed in the adversary proceedings ¶24
- Allowing themselves to be represented by and accepting assistance from Friedman in the adversary proceedings ¶¶65-69
- Making false representations to the Court ¶75, ¶76, otherwise obtaining default judgments through fraud ¶76, and interfering with judiciary's impartial adjudication of Halper's bankruptcy ¶77.

With respect to Friedman and Friedman PC, the claims in the Complaint are based entirely on (i) their alleged involvement in Twin Palms and Cohen's bankruptcy litigation against Halper and (ii) Friedman's actions and statements as a personally-involved party in Halper's bankruptcy proceeding. The Complaint alleges that Friedman directed, funded, ghost-wrote, or otherwise participated in Cohen's and Twin Palms' litigation against Halper ¶19, ¶21, ¶23, ¶28. It is also based on Friedman's representation of Cohen and Twin Palms in the appeal of the default judgment and his conduct in bankruptcy court ¶ 30, ¶66(G).

*Probability of Plaintiff Prevailing*

Halper's claims are barred by the statute of limitations. She listed unliquidated claims against Friedman in her schedule of assets filed in her bankruptcy case in 2010. She was on inquiry notice of her claims from the time that Cohen and Twin Palms filed their adversary proceedings against her in April 2011. Finally, Halper filed a motion to disqualify Friedman from representing Twin Palms in the Twin Palms adversary proceeding that contains nearly identical allegations as the allegations in the Complaint. Thus, she has been on notice of these facts since she filed that disqualification motion

on June 23, 2011. Whatever the statute of limitations - one-year from discovery of claims against an attorney, three-years for fraud, or the four-year catch all - the statute expired during the eight years Halper has been on notice before she filed the Complaint.

Halper's claims are also barred by the litigation privilege. Calif. Civ. Code. §47. A privileged communication must be "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. [Citations.]" (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212 [266 Cal. Rptr. 638, 786 P.2d 365]); *Rohde v. Wolf*, 154 Cal. App. 4th 28, 37 (2007). The litigation privilege is absolute regardless of whether it was made with malice or intent to harm. *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (2002). Here the litigation privilege specifically bars the allegations concerning the drafting and filing of lawsuits against Halper; the filing of documents in Halper's bankruptcy case and the adversary proceedings; Cohen's and Twin Palms' signing of documents in their respective lawsuits against Halper; Twin Palms' and Cohen's default judgments against Halper; Friedman's alleged statements at a hearing in Halper's bankruptcy; and Twin Palms' and Cohen's alleged representations to the Court in their respective adversary proceedings.

Halper also lacks standing to bring the claims in the Complaint. Halper's claims against Friedman are property of the bankruptcy estate in that she scheduled them and they existed prior to the filing of the bankruptcy case. As to Twin Palms and Cohen, although they were not scheduled, their alleged scheme with Friedman dates back to 2006 so claims against them based on that alleged scheme are also property of the estate.

Finally, Halper will not be able to produce admissible evidence supporting each element of each claim, as required by the second prong of the anti-SLAPP standard.

**Opposition**

The Plaintiff argues that the motion should fail for five reasons:

1. The Ninth Circuit's recent decision in *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,* 890 F.3d 828, 834 (9th Cir.), amended, 897 F.3d 1224 (9th Cir. 2018), and *cert. denied sub nom. Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 139 S. Ct. 1446 (2019), changes federal court's application of the Anti-SLAPP statute. In determining the Plaintiff's probability of success, the Court should treat challenges to legal sufficiency as a Rule 12(b)(5) motion to dismiss and challenges to factual sufficiency as a motion for summary judgment.
2. Anti-SLAPP cannot be applied to federal claims: Claims Six and Seven in the Complaint arise from conduct in a bankruptcy and are thus federal rather than state law claims.
3. A dispute involving commercial activity is not subject to Anti-SLAPP.
4. The claims do not result from protected speech or petitioning *in connection with a public issue.*
5. Since the Defendants' arguments as to why the Plaintiff does not have a probability of success challenge to the legal sufficiency of the claims in the Complaint, the Plaintiff is not required to present evidence.

**Reply**

Halper misrepresents the *Planned Parenthood* case, which merely holds that federal courts apply different standards depending on whether the anti-SLAPP motion is based on legal deficiencies in the complaint (plaintiff not required to present prima facie evidence) or the factual sufficiency of the complaint (plaintiff required to present prima facie evidence). Halper then incorrectly claims that the Motion challenges only the legal sufficiency of the Complaint, so that she is not required to present evidence in opposition to the Motion. The Motion did state that Halper would be unable to present evidence supporting each element of each claim in the Complaint, thereby challenging the factual sufficiency of the Complaint. Thus, the burden of presenting evidence fell on

Halper and she completely failed to meet that burden.

Halper's Complaint is based on protected activity under the anti-SLAPP statute, which does not require a "public issue" (as Halper argues) to protect the right of petition. "Public issue" pertains only to the right of "free speech" – not relevant here. Halper's argument that "commercial speech" is not protected is also applicable only to "free speech" protected by anti-SLAPP law, not the right of petition also protected by anti-SLAPP and at issue here. Halper's opposition concedes that the gravamen of her Complaint is the entry of "void" judgments against her in the adversary proceedings, which is precisely the definition of petitioning activity.

Halper is incorrect on the burden of proof for an anti-SLAPP motion. Once Defendants meet the first prong of the standard by showing that the claims arise from protected petition-related activity (as the Defendants have done in the Motion), the burden shifts to the Plaintiff to establish a probability that she will prevail by demonstrating that her complaint is legally sufficient and presenting admissible evidence that establish a *prima facie* case.

Halper has not presented admissible evidence establishing a probability of prevailing on each claim. The bulk of her evidentiary citations in her Opposition are to her own unverified complaint. The only potentially admissible evidence is filed in the Twin Palms and Choe adversary proceedings (attached to her Request for Judicial Notice). This evidence only underscores how her claims are based on protected petitioning activity. It also fails to provide evidence of

- False statement to or concealment of a material fact from Halper by Friedman that Halper reasonably relied upon
- *Scienter* or intent to defraud by Friedman
- Breach of fiduciary duty by Friedman resulting in damages to Halper and Twin Palms' and Cohen's actual knowledge and substantial encouragement of that breach.

The assertions in Halper's declaration attached to the Request for Judicial Notice lack foundation and are not the proper subject of a Request for Judicial Notice.

Halper requests additional time to conduct discovery, but has failed to conduct discovery so far and has not made the requisite showing of the need for discovery.

No discovery could change the fact that it is clear from the face of the Complaint and judicially noticeable evidence submitted by the Defendants that the Plaintiff's claims are time-barred. For most of the claims in the Complaint, they are barred because she has had over eight-years notice. (The statute is not revived – as Halper argues - by each alleged misuse of confidential information.  And her "continuous breach" theory, even if viable, is undermined by laches, waiver, estoppel, and the duty to mitigate.)  Her claim for fraud on the court under Fed. R. Civ. P. 60(d) is time-barred because it was made several years after the judgment and is based on facts known to the Plaintiff at the time the judgment was entered.

Litigation privilege – based on the face of Halper's complaint - also bars her claims because they are based on the existence and contents of Cohen's and Twin Palms' filings in Bankruptcy Court.  The statements are not merely "collateral evidentiary support" as Halper claims.  Friedman as a 50% owner of Twin Palms was an authorized participant in the proceedings.  Her assertion that the adversary proceedings were frivolous is irrelevant, as the litigation privilege is absolute.

Halper lacks standing because the claims are based on conduct that occurred before her October 2009 bankruptcy.

### Legal Analysis

The purpose behind California's anti-SLAPP law is to provide a mechanism for early dismissal of meritless suits aimed at chilling the exercise of free speech and petition rights. *In re Bah*, 321 B.R. 41, 44-45 (9th Cir. BAP 2005).  The Anti-SLAPP statute provides:

> (b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.
>
> (2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

Cal. Civ. Proc. Code § 425.16.

The provisions of anti-SLAPP law are available to defendants in federal court. *Graham-Salt v. Clainos*, 756 F/.3d 724, 735 (9th Cir. 2016).   However, they can only be applied to state law claims and are inapplicable to claims arising under federal law, including the Bankruptcy Code.  *See Bah*, 321 B.R. at 44-45; *In re Houng*, 2011 WL 6989900 (9th Cir. BAP Oct. 24, 2011).

To succeed on an Anti-SLAPP motion, the defendant must first make a showing that the claim at issue arises from or is based on protected activity: An act "in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal. Code. Civ. Proc. §425.16(b)(1); *See* Bah at 47, citing *Navellier v. Sletten*, 29 Cal.4th 82 (Cal. 2002).

After that threshold showing is met, the question turns to whether the plaintiff has shown a probability that it will prevail on its claim.  In federal court, the nature of this determination will depend on whether the defendant is challenging the legal or factual basis of the plaintiff's claim:

> [W]e hold that, on the one hand, when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated. And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. But in such a case, discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court.

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,* 890 F.3d 828, 834 (9th Cir.), amended, 897 F.3d 1224 (9th Cir. 2018), and *cert. denied sub nom. Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 139 S. Ct. 1446 (2019).

A defendant claiming an affirmative defense must show that it is entitled to the defense as a matter of law in order to prevail on its motion to strike. *Hilton v. Hallmark Cards,* 580 F.3d 874, 910 (9th Cir. 2009); *McCain* at 1071 (omit. cit.). This is actually couched as a two-prong inquiry into whether the "defense is available at all and whether, if it is, no trier of fact could reasonably conclude [otherwise]". *Hilton* at 910.

If both prongs of this test are met – that protected behavior is at issue and the plaintiff does not have a probability of prevailing on the claim - the court must strike the cause of action and award attorney's fees and costs to defendant. *See Browne v. McCain*, 611 F.Supp.2d 1062, 1069 (C.D. Cal. 2009)(plaintiff's showing requires "a mere possibility of success" and "even minimal merit" is sufficient to prevent dismissal).

A. <u>Are federal or pendent state law claims at issue?</u>

As noted above, the provisions of California's anti-SLAPP statute apply only to state law claims, not claims involving federal law, including bankruptcy law.  The first five claims in the Complaint – Fraudulent Concealment, Fraudulent Misrepresentation, Constructive Fraud, Breach of Fiduciary Duty, and Aiding and Abetting Breach of Fiduciary Duty – are all state law claims.  The Complaint cites California statues as the

bases of each of these claims. The sixth claim – Fraud on the Court – and the seventh claim – are stated as based on federal law – Fed. R. Civ. P 60(d) and 28 U.S.C. §2201, respectively.

The Plaintiff argues that because the alleged torts occurred in bankruptcy court, they are "not state law tort claims," but provides no citation for this implausible theory. She correctly argues that the sixth claim under rule 60(d) is not a state law claim and therefore is not governed by the anti-SLAPP statute. Accordingly, this Anti-SLAPP motion can proceed with respect to claims one through five, only.

B. Do the Claims arise from protected activity?

1. Is the activity in furtherance of free speech or petitioning activity?

The Court needs to determine whether claims one through five are in fact based on the Defendants' protected free speech or petitioning activity. The Defendants argue that they are because these claims are based on the Defendants' "alleged litigation-related activity."

Communications in litigation and in anticipation of litigation are protected under Cal. Civ. Proc. Code §425.16, without any showing that the litigation concerns a matter of public interest.

> Section 425.16 defines an "act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue," covered by the anti-SLAPP statute and subject to an anti-SLAPP motion, as including statements or writings made before a judicial proceeding or made in connection with an issue under consideration or review by a judicial body. (§ 425.16, subd. (b)(1), (e).) Thus, statements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest. (Briggs v. Eden Council for

Hope & Opportunity (1999) 19 Cal.4th 1106, 1115, 81 Cal.Rptr.2d 471, 969 P.2d 564 (Briggs ); Healy v. Tuscany Hills Landscape & Recreation Corp. (2006) 137 Cal.App.4th 1, 5, 39 Cal.Rptr.3d 547 (Healy ).)

Section 425.16 is "construed broadly, to protect the right of litigants to ' "the utmost freedom of access to the courts without [the] fear of being harassed subsequently by derivative tort actions." ' (Rubin v. Green (1993) 4 Cal.4th 1187, 1194 [17 Cal.Rptr.2d 828, 847 P.2d 1044]; see § 425.16, subd. (a); Briggs, supra, 19 Cal.4th at p. 1119 [81 Cal.Rptr.2d 471, 969 P.2d 564].)" (Healy, supra, 137 Cal.App.4th at p. 5, 39 Cal.Rptr.3d 547; see Flatley, supra, 39 Cal.4th at pp. 321–322, 46 Cal.Rptr.3d 606, 139 P.3d 2.) " '[J]ust as communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within the protection of the litigation privilege of Civil Code section 47, subdivision (b) [citation], ... such statements are equally entitled to the benefits of section 425.16.' [Citations.]" (Briggs, supra, 19 Cal.4th at p. 1115, 81 Cal.Rptr.2d 471, 969 P.2d 564; Flatley, supra, 39 Cal.4th at p. 322, fn. 11, 46 Cal.Rptr.3d 606, 139 P.3d 2 rejecting plaintiff's contention that prelitigation communications do not fall within the ambit of section 425.16 [" ' "communications preparatory or in anticipation of bringing an action or other official proceeding" ' are protected by section 425.16"], quoting Briggs, supra, 19 Cal.4th at p. 1115, 81 Cal.Rptr.2d 471, 969 P.2d 564.)

Rohde v. Wolf, 154 Cal. App. 4th 28, 35 (Cal. Ct. App. 2nd Dist. 2007).

"[C]ommunicative acts performed by attorneys as part of their representation of a client in a judicial proceeding" are included in this protection. Cabral v. Martins, 177 Cal. App. 4th 471, 480 (Cal. Ct. App. 1st Dist. 2009).

The Defendants argue that the Plaintiff's claims are based on litigation-related activity and thus protected activity. However, the law and the facts in the Complaint are more complicated.

First we must determine whether the plaintiff's cause of action actually arose from the assertedly protected activity, and if so, then we must answer the distinct inquiry whether the activity was in fact protected.

*Cabral v. Martins*, 177 Cal. App. 4th at 479.

Claims one through four arise from Friedman's representation of Halper and his actions during and after that representation.  While the case law protects an attorney's communication on his client's behalf from lawsuits by third parties, the Court is not aware and the Defendants have not pointed to any cases in which communication between attorney and client are protected from a lawsuit brought by the client against the attorney.  Such use of the Anti-SLAPP statute seems inconsistent with its expressed purpose.  Only alleged activity and communications related to litigation against Halper by Cohen and Twin Palms when Friedman was no longer Halper's attorney are protected and could potentially be struck under the Anti-SLAPP statute.  Claims one (Fraudulent Concealment), two (Fraudulent Misrepresentation), and three (Constructive Fraud) cannot be said to arise out of that litigation; they primarily arise out of his communications with Halper.  Claim four (Breach of Fiduciary Duty) is based more on Freidman's activities in the adversary proceedings and could be said to arise out that adversary, as does claim five (Aiding and Abetting Breach of Fiduciary Duty).

As to Friedman's communications/activities, while many of them may have ultimately become the subject of a lawsuit, they were not made in litigation or in anticipation of litigation.  However, claim six (Fraud on the Court) concerns items that happened in the adversary proceeding and thus fall under Anti-SLAPP but for the fact that they do not arise under a state law provision and thus are excluded from Anti-SLAPP.  Claim seven (Declaratory Relief) may apply to claims one through five or to claim six.

If the Anti-SLAPP motion were the only one before this court, it would require a detailed review of each of the supporting allegations and how each fits into claims one

through five.  However, given the dismissal on the basis of statute of limitations, the Court is deferring that exercise.

2. <u>Does the activity concern a public issue or an issue of public interest, or does an exception apply?</u>

Halper argues that the Defendants failed to show that the alleged conduct arises in connection with a public issue. However, as noted above, if the conduct involves a written or oral statement made before or during a judicial proceeding, the activity falls into § 425.16(e)(1) or (2) and defendant does not need to show that the conduct involves an issue of "public significance."

3.  <u>Is there an exception for litigation involving commercial activity?</u>

The Plaintiff argues that a dispute concerning commercial activity is not protected speech and not subject to the Anti-SLAPP statute.  However, the cases cited by the Plaintiff do not support this contention. They deal with constitutionally-protected speech, not petitioning activity. *Kasky v. Nike*, 27 Cal. 4th 939 (Cal. 2002)(considered whether commercial speech is protected under the First Amendment to the United States Constitution and its analogue under the California Constitution);  *L.A. Taxi Coop., Inc. v. The Indep. Taxi Owners Assn.,* 239 Cal. App. 4th 918, 930 (Cal. Ct. App. 2nd Dist. 2015)( the commercial speech exemption of §425(17)(a) (which is facially not applicable)).

Cal.Civ. Proc. §425.17 is very specific as to what kind of activities fall in the commercial exemption.  It only applies to a person "primarily engaged in the business of selling or leasing goods or services." There is no showing that Friedman, a lawyer, was or is primarily engaged in that business.

C. <u>Has the Plaintiff shown a probability of prevailing on the merits?</u>

In the Motion to Dismiss, the Court has concluded that the claims in the

Complaint are all time-barred and ruled that the motion to dismiss will be granted. Thus, the Plaintiff cannot show a probability of success.

D. Is the Defendant entitled to its attorney fees?

Cal.Civ. Proc. Code §425.16(c)(1) states that "in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." When a party files both a motion to dismiss and an Anti-SLAPP motion that are based entirely on a common factual scenario so that they are inextricably intertwined, the Defendant can be compensated for the work done on both motions, though not for work done on federal claims. See *Fallay v. San Francisco City & Cnty*, 2016 U.S. Dist. LEXIS 29607 (2016) for a discussion of the case law on this point.

Defendants do not ask for fees as part of this motion nor in the motion to dismiss. However, in the motion for sanctions they seek $4,120 for work on the motion for sanctions and expect to incur at least another $4,000 in fees and costs in connection with the reply brief and "hearing on the motion." This is clearly limited to the work on the sanctions motion. (dkt. 17, Declaration of Michelle J. Correll)

At the hearing Ms. Correll stated that the fees incurred up to the filing of the reply brief were $10,160 and that the total including the travel time and the hearing would be about $11,000. (FTR recording: 8/6/19, 10:20 a.m.)  It is not clear that these were for all of the work done on this case or only for the sanctions motion although there was only a single hearing for all matters.  Had Defendants asked for fees as part of this motion, they would have been entitled to some amount by virtue of the statute.  The Court would not be able to unwind the work done on this Anti-SLAPP motion from that on the Motion to Dismiss since the determination of the various issues raised in the Motion to Dismiss are necessary to prevail on the Anti-SLAPP motion.  However the Motion for Sanctions is quite different and would not fall under Cal.Civ. Proc. Code §425.16(c)(1).

However, granting of fees is not automatic and can be waived by the movant.  In this case, since the moving parties did not seek fees for the Anti-SLAPP motion, the

Court will limit the issue of fees to the Motion for Sanctions and FRBP 9011.

One further note – even had the moving parties sought fees as part of this motion, the Court may have needed to do some sort of apportionment since the Anti-SLAPP provision does not affect claim 6 (and possibly claim 7) and a good part of the Motion to Dismiss deals with claim 6.

### Ruling

For the above reasons, the Court will grant the motion under Cal.Civ. Proc. Code §425.16 as to claims one through five and as to claim seven to the extent that it is based on claims one through five. The motion is denied as to claim six since this is a federal claim and exempt from Cal.Civ. Proc. Code.§425.16. To the extent that claim seven relates to claim six, the motion is denied for that same reason. No fees are awarded to the moving parties.

###

Date: August 26, 2019

Geraldine Mund
United States Bankruptcy Judge