UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

FILED & ENTERED

AUG 26 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

| | |
|---|---|
| In re:<br><br>Shellie Melissa Halper<br><br><br><br>                             Debtor(s). | CHAPTER 7<br><br>Case No.:  1:09-bk-23807-GM<br>Adv No:   1:19-ap-01021-GM<br><br>**MEMORANDUM ON MOTION FOR SANCTIONS PURSUANT TO FRBP 9011**<br><br>Date:         August 6, 2019<br>Time:         10:00 AM<br>Courtroom: 303 |
| Shellie Melissa Halper<br><br>                             Plaintiff(s),<br>   v.<br><br>Jerome Bennett Friedman, an individual<br><br>                             Defendant(s). | |

      This is one of three motions brought by defendants as to the complaint filed against them.  At the hearing held on August 6, 2019, Michelle Correll of Correll Law APC appeared on behalf of the moving parties and Michelangelo Tatone of Tatone Law, APC appeared on behalf of Plaintiff and also on his own behalf as to this motion for sanctions.

      This motion contains much of the same facts as set forth in the Motion to Dismiss and the Anti-SLAPP Motion.  In short, it asserts that the complaint was filed to gain leverage over Solomon Cohen and Twin Palms in order to avoid the nearly $12 million default judgments that they have obtained against Halper.  The items in the complaint have long been barred by the statute of limitations.  They were known to Halper some 8 years ago as shown by her motion to disqualify J. Bennett Friedman.  And the motion to disqualify was known to her current counsel, who filed the complaint. The purpose for filing the complaint was to harass the Defendants,

-1-

delay their ability to collect on their judgment against Halper, and increase their costs. This is a violation of FRBP 9011(b)(1). They also violated FRBP 9011(b)(2) and 9011(b)(3) in that the claims are not warranted under the law and Halper's allegations and other factual contentions in her complaint regarding the timeliness of her claims lack evidentiary support.

The facts and arguments are much the same as those in the motion to dismiss and will not be repeated here. Among the false statements in the complaint is that Halper has only "recently come to discover that the filing of the adversary actions was a serious breach of the California Rules of Professional Conduct."[1] The 2011 disqualification motion extensively cited the California Rules of Professional Conduct.[2] In the current complaint counsel cited verbatim from parts the disqualification motion. Under no possible statute of limitations could this action be brought 8 years after discovery.

As of the date of this motion for sanctions, defendants have incurred fees in the amount of $4,120. It is expected that at least an additional $4,000 will be incurred in connection with the reply brief and the hearing on the motion.

Opposition

This complaint was filed to set aside the default judgments obtained by fraud on the court. The default judgments were based on confidential attorney-client information that Friedman obtained through his representation of Halper and were also riddled with false statements of fact. The Cohen and Ferguson declarations (masterminded by Friedman) falsely declared that it was Halper who solicited and initiated the funding of the loans. Rather, it was Friedman who did this, prepared the notes and documents, and signed the loans with Halper. Halper did not receive any of the money that Defendants loaned to the "Mexican fiasco." Friedman and the other Defendants were well aware of this, but proceeded with the §523 actions based on false documents and declarations.

While it is argued that the statute of limitations bars some of the claims for relief, the one for fraud on the court does not have a statute of limitations and may be set aside at any time. A

---

[1] Complaint, ¶ 28
[2] 1:11-ap-01310 [Twin Palms adversary], dkt. 8, 2:3-7; 4:12-17; 16-12-22; 17:1-5.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9021-1.1.NOTICE.ENTERED.ORDER

court may also vacate a judgment procured by fraud based on its own initiative. And each wrongful act starts a new statute of limitations – this happened with each use of the client's confidential information.

The complaint was not filed to harass, cause undue delay, or increase litigation expense. It was filed to set aside and vacate the default judgments procured by fraud and in the interest of justice. The opposition then summarizes the history of the relations in the underlying loans.

To obtain FRBP 9011 sanctions against an attorney under the frivolous prong, the filing must be both baseless and made without a reasonable and competent inquiry. One uses the objective-objective approach: would a reasonable attorney have believed plaintiff's complaint to be well-founded in fact based on what a reasonable attorney would have known at the time. *In re Keegan Mgmt. Co. Sec. Littig.*, 78 F.3d 431, 434 (9th Cir. 1996). There must be bad faith or evidence of conduct tantamount to bad faith.

The opposition then discusses the statute of limitations. [This is dealt with in the Motion to Dismiss and is not being repeated here.]

FRBP 9011(c)(2) limits sanctions against represented parties so that sanctions for violation of FRBP 9011(b)(2) [legal justification for arguments] may not be awarded against a represented party. Thus, as to Halper, the scope of the inquiry is whether an improper purpose has been proven and whether the arguments are factually justified. Because of the chilling effect of sanctions on counsel and on the parties, restraint is needed.

In this case there is no history between the Defendants and Plaintiff's counsel. Also, Plaintiff's counsel telephoned defense counsel on May 24, 2019 to advise that Plaintiff may not have enough money to litigate this action and counsel suggested that he might be able to convince Halper to withdraw the action in exchange for Defendants withdrawing their motions. On May 27, defense counsel advised that Defendants were not interested.

Friedman and his counsel should be sanctioned for bringing this vexatious motion, which is to obtain leverage over Plaintiff's counsel to agree to stop pursuing any further litigation against Friedman. Friedman is aware that fraud on the court has no statute of limitations.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9021-1.1.NOTICE.ENTERED.ORDER

<u>Reply</u>

This was a meritless insurance shakedown.  Halper keeps referring to the fact that no insurance carrier is picking this up.  They are looking for a nuisance-value settlement.  They knew from the start that Halper could not afford to go forward with this case.  The time to withdraw her claims was during the FRBP 9011 safe harbor period.

The complaint is frivolous, which is an independent group for sanctions under FRBP 9011(b)(2) and (b)(3).  The opposition does not deny the facts upon which the motion is based.

Halper has not presented any evidence in support of her claim of fraud on the court.  But even that claim is time-barred under rule 60.

**<u>Ruling</u>**:

The findings as to the statute of limitations are set forward in the ruling on the motion to dismiss and will not be repeated here.

This motion is brought under Federal Rule of Bankruptcy Procedure (FRBP) Rule 9011, which states in part:

**(b) Representations to the court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]—

**(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

**(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

**(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                  **F 9021-1.1.NOTICE.ENTERED.ORDER**

identified, are reasonably based on a lack of information or belief.

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

**(1)** *How initiated.*

**(A)** By motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees. . . .

**(2)** *Nature of sanction; limitations.* A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

**(A)** Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2). . . .

**(3)** *Order.* When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                     F 9021-1.1.NOTICE.ENTERED.ORDER

As stated in detail in the memorandum on the motion to dismiss, there was no reasonable way that counsel could have believed that the claims for damages in claims one through five would not be barred by the statute of limitations. These all relate to allegations of actions that occurred prepetition. They were known to Halper by 2012 as they were included in her Motion to Disqualify Friedman. Although the allegations in claims one through five come directly from that motion, the motion itself is never alluded to or mentioned nor is her date of discovery. The complaint does not even state that Friedman consented to withdraw from representation of the Plaintiff in the Twin Palms adversary proceeding.

At the hearing Mr. Tatone asserted that he was unaware of the motion to disqualify, while arguing that he did due diligence by talking to Halper, speaking with experienced bankruptcy counsel, and checking the docket for the adversary proceedings in the Halper bankruptcy case. [hearing 8/6/19 at 10:32 a.m.] But the motion to disqualify was on the Twin Palms adversary docket.[3] And since many portions of this complaint come directly from that motion to disqualify, the Court has a difficult time finding any credibility in Mr. Tatone's assertion that he lacked knowledge of the 2012 motion to disqualify.

However, even if true, once the motion for sanctions was sent to him before it was filed, it clearly pointed out the motion to disqualify. In fact page 10, etc. have a side-by-side analysis of the language from the motion to disqualify and the 2019 complaint. So it is not really important to this motion whether Mr. Tatone somehow missed the motion to disqualify in his review of the docket, but miraculously used much of the same language. The Motion to Dismiss and the Anti-SLAPP motions were filed on served on April 22, 2019 and this motion for sanctions was not filed until May 17, 2019.[4]

Both sides agree that a proper "safe harbor" process was followed and that Mr. Tatone did not respond in a timely fashion. That process was created specifically to prevent this kind of problem. Even if Mr. Tatone was not fully aware of the statute of limitations problem

---

[3] Twin Palms adversary, dkt. 8

[4] 1:19-ap-01021, Dkt. 5, 6, 8. 9. 17

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9021-1.1.NOTICE.ENTERED.ORDER

beforehand, he was put on notice of it and required to research the issues.  The law is clear and does not support his arguments in the opposition to this motion.  Thus, at least as to claims one through five, this complaint should have been immediately amended to remove them or otherwise tailor them due to the statute of limitations.

As to the issue of an ongoing breach of the attorney-client privileged information, while this does not renew the statute of limitations with every alleged breach, the issue is not as clear-cut as that of the statute of limitations on allegations like violation of Rule 3-300 of the California Rules of Professional Conduct by entering into a business transaction with a client, which occurred pre-petition; ghost-writing the Cohen v. Halper adversary complaint; and failing to vet Stover in 2006.  Had an amended complaint noted these, but only for historical purposes and clearly identified that the statute of limitations had run as to them, this would have been acceptable.  But that did not happen.

However, there are arguments that the sixth claim for relief (fraud on the court) needs to be treated differently in that Counsel assumed that there was no statute of limitations under FRCP 60(d).  Although the Court is dismissing that claim, the law is not as clear when it comes to the two-year delay after the declarations of Cohen and Ferguson were filed.  But a complaint limited to those two documents is a very different one than the complaint filed in this case.

Plaintiff and her counsel were given notice of the problems and failed to act during the statutory breathing period.  A month after the motion to dismiss, etc. was filed, Plaintiff's counsel suggested that they would dismiss the case – but that was too late.  Also the asserted grounds that Halper is unable to fund the litigation tends to show the abusive nature of the filing of this lawsuit.  There is no doubt that Halper's financial condition was known to all parties before the lawsuit was commenced since she had filed at least a few declarations of impoverishment prior to entry of the default judgment in the Cohen and Twin Palms lawsuits.  However, counsel makes a strong argument that at the outset he believed that Halper could fund the lawsuit.  While the existence of the Twin Palms and Cohen judgments and Halper's prior activities in the bankruptcy case would lead a prudent person to question this, the Court will take

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                              F 9021-1.1.NOTICE.ENTERED.ORDER

Mr. Tatone at his word. [Hearing 8/6/19, 10:54][5]

The Court finds that the offer to dismiss was only to avoid this sanctions motion.

It is clear to the Court that – as noted in the memorandum on the motion to dismiss – the issues raised in this complaint would have been appropriate affirmative defenses to the Cohen and Twin Palms adversary proceedings or perhaps in a stand-alone complaint for damages. But they were not done in a timely manner.

Looking at the prayer in the complaint before the court, it seeks to set aside the Cohen and Twin Palms judgments. This is a collateral attack on the judgments and is improper. While Halper probably was not aware of all of these defects, her counsel is deemed to have that knowledge or to have been required to make a reasonable inquiry to more experienced litigators before filing this complaint. Apparently Mr. Tatone did discuss this case with Blake Lindemann – at least as to the FRCP 60(d) issue, though not necessarily as to claims one through five.

Because the safe harbor process pointed out the defects described in the motion to dismiss, sanctions will be awarded. As noted above, according to the declaration of Michelle J. Correll, the cost for the preparation of the motion for sanctions was $4,120. At the hearing she estimated that the total time involved is $11,000. But this is not the measure required under FRBP 9011(c)(2), which limits the sanction to "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." It is not required that it cover "all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation."

In this case, Tatone had a reasonable belief that there was no statute of limitations for fraud on the court – or if there was one it had not passed as to the declarations of Cohen and Ferguson. But most of this complaint was time-barred and he failed to make the necessary adjustments once that was brought to his attention.

The Court does not believe that Mr. Tatone should face the full amount expended by the defendants. However, it is appropriate that he not be compensated for having handled this case. He should never have taken it or at least have limited it to the single issue of fraud on the court

---

[5] It is interesting to note that the attorney with whom Mr. Tatone consulted was Blake Lindemann, who represented Halper in her appeal to the BAP. There is no information as to why Mr. Lindemann did not represent her in this adversary proceeding and what he told Mr. Tatone as to her financial condition, etc. No inference can be drawn from this.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9021-1.1.NOTICE.ENTERED.ORDER

and perhaps ongoing breach of confidentiality but only starting with 2015 at the earliest.[6]  In this case, the sanction amount will be the $5,000 retainer received by Mr. Tatone for his representation in this case, which is the only sum received per his statement at the hearing.  He is not to accept any further money from Mr. Halper or on her behalf for his representation of her in this case.

    The sanction is awarded solely against Halper's attorney, but not against Ms. Halper.  FRBP 9011(c)(2)(A).

###

Date: August 26, 2019

Geraldine Mund
United States Bankruptcy Judge

---

[6] The Court does not use the 2015 year as an actual reflection of the statute of limitations.  That is described in detail in the Memorandum on the Motion to Dismiss.  The 2015 date is chosen because that is four years before the complaint was filed and thus, the longest reasonable period that Tatone could have used in an amended complaint as to the breach of confidentiality argument after he was served with the motion to dismiss and with this motion for sanctions.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9021-1.1.NOTICE.ENTERED.ORDER